**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE SCHOOL FOR ARTS<br>IN LEARNING ("SAIL")<br>PUBLIC CHARTER SCHOOL<br>1705 H Street, NW<br>Washington, D.C. 20006<br><br>Plaintiff<br><br>v.<br><br>REGINA GOINS,<br>as next friend of the minor child, J.S.<br>and J.S., individually<br>855 21th Street, NE #3<br>Washington, D.C. 20002<br><br>Defendant. | **CIVIL ACTION NO.** |

**COMPLAINT**

JURISDICTION

1. Jurisdiction of this Court is founded in 28 U.S.C. §1331, and the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1415, ("IDEIA"), as an appeal of a hearing officer's determination which was filed pursuant to IDEIA, 20 U.S.C. § 1400 *et seq.*

2. Plaintiff is a District of Columbia Public Charter School which has elected to be its own local education agency ("LEA") under IDEIA, for special education issues.

3. Defendant Goins and her minor child, J.S., are currently residents of the District of Columbia and claimed District of Columbia residency for all or part of the time

during the underlying administrative proceedings.

**FACTS**

4. J.S. is a fourteen year-old, special education student who attended SAIL as a ninth grader until November of 2006.

5. The student began her attendance at SAIL in the 2005-2006 school year.

6. The student's IEP dated March 8, 2006 provides for 15.5 hours of specialized instruction and one hour of counseling per week.

7. On November 29, 2006, the student was suspended from SAIL for carrying a weapon to school.

8. Also on November 29, 2006, SAIL sent a letter to the parent, explaining that the student had been suspended and that the Principal may take further action if warranted. SAIL also requested that the parent meet with the school administration the following day.

9. In the November 29, 2006 letter, the parent was advised of her child's right to a hearing to present facts surrounding the events leading to the suspension.

10. On November 30, 2006, the student was expelled from SAIL and the parent was informed via letter.

11. On December 14, 2006 the parent attempted to enroll the student at her neighborhood school, Spingarn Senior High School.

12. On January 11, 2007, counsel for SAIL sent a letter to parent's counsel in an effort to convene a Manifestation Determination Review ("MDR") meeting. The same day SAIL sent a formal invitation proposing three dates for the meeting.

13. On January 17, 2007, the parent filed a due process hearing request against

        SAIL and DCPS. The allegations against SAIL were that SAIL failed to convene a timely MDR meeting and improperly removed the student from her school placement.

14. On January 18, 2007, counsel for the parent sent a letter to counsel for SAIL in response to the January 11, 2007 invitation for an MDR meeting. In that letter counsel for the parent rejected all of the dates proposed by SAIL and contended that since a due process complaint had been filed, the issues should be addressed at a resolution meeting rather than an MDR meeting.

15. DCPS contacted SAIL via email, proposing two dates for a resolution meeting between all three parties. The Special Education Coordinator at SAIL responded that she was available for one of the two dates, and also offered several other times that she would be available.

16. Neither the parent nor DCPS ever confirmed a resolution meeting time with SAIL.

17. On March 7, 2007, a due process hearing was convened in front of Hearing Officer Coles B. Ruff, Jr.

18. At the due process hearing, counsel for SAIL asserted that the complaint should be dismissed because SAIL attempted to convene a MDR and resolution meeting and the parent refused.

19. The hearing officer denied counsel's request for a directed finding based on the fact that SAIL's attempts to convene the MDR were made more than ten days after the decision to change the child's placement. The hearing officer did not, however, explain his reasoning for denying the request with regards to the

resolution meeting.

20. Hearing Officer Ruff found that SAIL denied the student a FAPE by failing to convene the MDR within 10 school days of the decision to change the student's placement and for not providing services following her expulsion.

21. The hearing officer found that the time period in which SAIL denied the student a FAPE was December 14, 2006 through February 15, 2007, when the student began attending Spingarn Senior High School.

22. The parent, however, did not present any evidence as to the type or amount of compensatory education warranted in accordance with the standard in *Reid*.[1]

23. In fact, the only evidence the parent presented on the issue of compensatory education was the testimony of the student, who stated that she thought she would benefit from tutoring.

24. When the hearing officer asked parent's counsel what amount of compensatory education would be warranted in this case, parent's counsel responded with an hour for hour computation, in direct contradiction of *Reid*.

25. The hearing officer issued his determination on March 21, 2007.

26. As to the allegations against SAIL, the hearing officer ordered SAIL to participate in an MDT meeting to develop a compensatory education plan for the services the student missed December 14, 2006 through February 15, 2007.

27. In his decision, the hearing officer noted that the parent provided no specific evidence as to the amount of compensatory education that was warranted for

---

[1] *Reid v. District of Columbia*, 401 F.3d 516 (D.C. 2005).

the time the student missed school due to her expulsion, yet he still directed SAIL to participate in an MDT meeting to determine compensatory education.

## COUNT I

28. Plaintiff repeats and realleges paragraphs 1 - 27.

29. The hearing officer erred in denying SAIL's request for a directed finding based on the evidence that the Petitioner refused to attend the MDR. According to 34 C.F.R. § 300.510(b), unless the parties jointly agree to waive the resolution process, the failure of the parent to participate in the resolution meeting will delay the timelines for the due process hearings, and the hearing officer may dismiss the complaint altogether after the thirty day resolution period concludes. At no point did SAIL ever waive its right to convene a resolution meeting to discuss and possibly resolve the issues in the complaint prior to proceeding to hearing. Subsequent to the hearing, SAIL did convene a resolution meeting at which time the team completed an MDR. The team decided that the behavior in question was not a manifestation of the student's disability. Therefore, SAIL was entitled to discipline the student according to their code of conduct, which in this situation called for expulsion. This was an important determination that should have been made prior to the due process hearing.

## COUNT II

30. Plaintiff repeats and realleges paragraphs 1 - 29.

31. The hearing officer erred in ordering SAIL to provide compensatory education. Petitioner had failed to provide any evidence required under *Reid* as to the

nature of what, if any, services would be due to the student for any failure on the part of the SAIL in delivering special education services.  The hearing officer specifically stated in his decision that there was "no evidence presented as to the amount of tutoring that would compensate the student for the approximate ten days she missed school..." See Plaintiff's Exhibit 1, HOD, at 5.  While it is undisputed that hearing officers have the authority to grant compensatory relief, there is no automatic entitlement.  Rather, a fact specific analysis must be undertaken in each case.  In this case, the Petitioner did not prove that the student suffered any educational harm, nor did she prove that tutoring would put the student in the position she would have been in but for the expulsion.

**WHEREFORE**, the Plaintiff respectfully requests this Court to:

1. Issue a judgment for the Plaintiff and against the Defendant on all aforementioned counts;

2. Order that the March 21, 2007 Hearing Officer's Decision be reversed, finding no denial of a free, appropriate, public education by SAIL PCS; and

3. Grant such other and further relief as the Court deems just and proper.


Date: June 14, 2007                                      Respectfully submitted,


                                                                                                 /s/
                                            Paul S. Dalton, Esq.
                                            Counsel for Plaintiff
                                            D.C. Bar No. 439118
                                            Dalton, Dalton, & Houston, P.C.
                                            1008 Pendleton Street
                                            Alexandria, Virginia 22314
                                            (703) 739-4300 (ph)
                                            (703) 739-2323 (f)

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
THE SCHOOL FOR ARTS IN LEARNING PUBLIC CHARTER SCHOOL

## DEFENDANTS
REGINA GOINS, and minor child J.S.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Paul S. Dalton, Esq.
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    OR    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Appeal of a Hearing Officer's Decision - Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. Sec 1400 et seq.

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

JURY DEMAND: YES ☐   NO ☒

Check YES only if demanded in complaint

## VIII. RELATED CASE(S) IF ANY

(See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 6/13/07   SIGNATURE OF ATTORNEY OF RECORD *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.