UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE SCHOOL FOR ARTS<br>IN LEARNING ("SAIL")<br>PUBLIC CHARTER SCHOOL<br>1705 H Street, NW<br>Washington, D.C. 20006<br><br>        Plaintiff<br><br>    v.<br><br>REGINA GOINS,<br>as next friend of the minor child, J.S.<br>and J.S., individually<br>855 21th Street, NE  #3<br>Washington, D.C. 20002<br><br>        Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: **CIVIL ACTION NO.  07-1067 (JDB)**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## MOTION FOR DEFAULT JUDGMENT

The plaintiff, by and through counsel, requests this Court to grant a default judgment pursuant to Federal Rule of Civil Procedure 55, finding that the underlying Hearing Officer's decision that the plaintiff was denied a free, appropriate public education (FAPE) was erroneous.

## FACTUAL BACKGROUND

*.*     Plaintiff is a District of Columbia Public Charter School which has elected to be its own local education agency ("LEA") under IDEIA, for special education issues. Defendant Goins and her minor child, J.S., are currently residents of the District of Columbia and claimed District of Columbia residency for all or part of the time during the underlying administrative proceedings.  J.S. is a fourteen year-old, special education student who attended SAIL as a ninth grader until November of 2006.

The student began her attendance at SAIL in the 2005-2006 school year. The student's IEP dated March 8, 2006 provides for 15.5 hours of specialized instruction and one hour of counseling per week. On November 29, 2006, the student was suspended from SAIL for carrying a weapon to school. Also on November 29, 2006, SAIL sent a letter to the parent, explaining that the student had been suspended and that the Principal may take further action if warranted. SAIL also requested that the parent meet with the school administration the following day. In the November 29, 2006 letter, the parent was advised of her child's right to a hearing to present facts surrounding the events leading to the suspension.

On November 30, 2006, the student was expelled from SAIL and the parent was informed via letter. On December 14, 2006 the parent attempted to enroll the student at her neighborhood school, Spingarn Senior High School. On January 11, 2007, counsel for SAIL sent a letter to parent's counsel in an effort to convene a Manifestation Determination Review ("MDR") meeting. The same day SAIL sent a formal invitation proposing three dates for the meeting.

On January 17, 2007, the parent filed a due process hearing request against SAIL and DCPS. The allegations against SAIL were that SAIL failed to convene a timely MDR meeting and improperly removed the student from her school placement. On January 18, 2007, counsel for the parent sent a letter to counsel for SAIL in response to the January 11, 2007 invitation for an MDR meeting. In that letter counsel for the parent rejected all of the dates proposed by SAIL and contended that since a due process complaint had been filed, the issues should be addressed at a resolution meeting rather than an MDR meeting.

DCPS contacted SAIL via email, proposing two dates for a resolution meeting between all three parties. The Special Education Coordinator at SAIL responded that she was available for one of the two dates, and also offered several other times that she would be available. Neither the parent nor DCPS ever confirmed a resolution meeting time with SAIL.

On March 7, 2007, a due process hearing was convened in front of Hearing Officer Coles B. Ruff, Jr. At the due process hearing, counsel for SAIL asserted that the complaint should be dismissed because SAIL attempted to convene a MDR and resolution meeting and the parent refused. The hearing officer denied counsel's request for a directed finding based on the fact that SAIL's attempts to convene the MDR were made more than ten days after the decision to change the child's placement. The hearing officer did not, however, explain his reasoning for denying the request with regards to the resolution meeting.

Hearing Officer Ruff found that SAIL denied the student a FAPE by failing to convene the MDR within 10 school days of the decision to change the student's placement and for not providing services following her expulsion. The hearing officer found that the time period in which SAIL denied the student a FAPE was December 14, 2006 through February 15, 2007, when the student began attending Spingarn Senior High School.

The parent, however, did not present any evidence as to the type or amount of compensatory education warranted in accordance with the standard in *Reid*.[1]   In fact,

---

[1] *Reid v. District of Columbia*, 401 F.3d 516 (D.C. 2005).

the only evidence the parent presented on the issue of compensatory education was the testimony of the student, who stated that she thought she would benefit from tutoring. When the hearing officer asked parent's counsel what amount of compensatory education would be warranted in this case, parent's counsel responded with an hour for hour computation, in direct contradiction of *Reid*.

The hearing officer issued his determination on March 21, 2007. As to the allegations against SAIL, the hearing officer ordered SAIL to participate in an MDT meeting to develop a compensatory education plan for the services the student missed December 14, 2006 through February 15, 2007. In his decision, the hearing officer noted that the parent provided no specific evidence as to the amount of compensatory education that was warranted for the time the student missed school due to her expulsion, yet he still directed SAIL to participate in an MDT meeting to determine compensatory education.

The hearing officer erred in denying SAIL's request for a directed finding based on the evidence that the Petitioner refused to attend the Resolution Meeting. According to 34 C.F.R. § 300.510(b), unless the parties jointly agree to waive the resolution process, the failure of the parent to participate in the resolution meeting will delay the timelines for the due process hearings, and the hearing officer may dismiss the complaint altogether after the thirty day resolution period concludes. At no point did SAIL ever waive its right to convene a resolution meeting to discuss and possibly resolve the issues in the complaint prior to proceeding to hearing.

Subsequent to the hearing, SAIL did convene a resolution meeting at which time the team completed a MDR. The team decided that the behavior in question was not a manifestation of the student's disability. Therefore, SAIL was entitled to discipline the student according to their code of conduct, which in this situation called for expulsion. This was an important determination that should have been made prior to the due process hearing.

The hearing officer erred in ordering SAIL to provide compensatory education. Petitioner had failed to provide any evidence required under *Reid* as to the nature of what, if any, services would be due to the student for any failure on the part of the SAIL in delivering special education services. The hearing officer specifically stated in his decision that there was "no evidence presented as to the amount of tutoring that would compensate the student for the approximatly ten days she missed school..." See Plaintiff's Exhibit 1, HOD, at 5. While it is undisputed that hearing officers have the authority to grant compensatory relief, there is no automatic entitlement. Rather, a fact specific analysis must be undertaken in each case. In this case, the Petitioner did not prove that the student suffered any educational harm, nor did she prove that tutoring would put the student in the position she would have been in but for the expulsion.

In the Complaint the Plaintiff respectfully requested this Court to:

i.  Issue a judgment for the Plaintiff and against the Defendant on all aforementioned counts;

ii. Order that the March 21, 2007 Hearing Officer's Decision be reversed, finding no denial of a free, appropriate, public education by SAIL PCS; and

    iii.    Grant such other and further relief as the Court deems just and proper.

On August 6, 2007, Plaintiff caused the summons to occur on Regina Goins. The Return of Service/Affidavits were filed with this Court and the answer to the complaint was due on August 27, 2007.  No answer to the complaint was filed.  On September 13, 2007 an affidavit of default was filed with this Court and on September 14,  2007, the Clerk made an entry of default to the docket sheet.  To date, neither Ms. Goins nor her attorney has filed an answer.

## CONCLUSION

Given the facts above, it is clear the defendants in this matter have not responded to the complaint, nor have they otherwise defended themselves under the Federal Rules of Civil Procedure and therefore the Plaintiff is entitled to a judgment by default.

**WHEREFORE**, Plaintiff respectfully requests this court to:

    1.    Issue a default judgment for Plaintiffs and against Defendant;

    2.    Award attorneys fees and costs to Plaintiff; and

    3.    Grant such other and further relief as the Court deems just and proper.

Date: October 29, 2007                        Respectfully submitted,

_____/s/_____
Paul S. Dalton, Esq.
Counsel for Plaintiff
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (f)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE SCHOOL FOR ARTS<br>IN LEARNING ("SAIL")<br>PUBLIC CHARTER SCHOOL<br>1705 H Street, NW<br>Washington, D.C. 20006<br><br>    Plaintiff<br><br>    v.<br><br>REGINA GOINS,<br>as next friend of the minor child, J.S.<br>and J.S., individually<br>855 21th Street, NE  #3<br>Washington, D.C. 20002<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: **CIVIL ACTION NO.  07-1067 (JDB)**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## STATEMENT OF POINTS AND AUTHORITIES

The plaintiffs, by and through counsel, request this Court to grant a default judgment pursuant to Federal Rule of Civil Procedure 55.


Date: October 29, 2007              Respectfully submitted,


                                    _____/s/_____
                                    Paul S. Dalton, Esq.
                                    Counsel for Plaintiff
                                    D.C. Bar No. 439118
                                    Dalton &  Dalton, P.C.
                                    1008 Pendleton Street
                                    Alexandria, Virginia 22314
                                    (703) 739-4300 (ph)
                                    (703) 739-2323 (f)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE SCHOOL FOR ARTS<br>IN LEARNING ("SAIL")<br>PUBLIC CHARTER SCHOOL<br>1705 H Street, NW<br>Washington, D.C. 20006<br><br>    Plaintiff<br><br>    v.<br><br>REGINA GOINS,<br>as next friend of the minor child, J.S.<br>and J.S., individually<br>855 21th Street, NE  #3<br>Washington, D.C. 20002<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: **CIVIL ACTION NO.  07-1067 (JDB)**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### ORDER

Upon consideration of the Plaintiff's Motion for Default Judgment, and any opposition thereto, it is hereby

>  ORDERED: that Plaintiff's Motion for Default Judgment is GRANTED;

>  FURTHER ORDERED: That the March 21, 2007, Hearing Officer's Determination is REVERSED.


_____               _____

Date:                   John D. Bates
                        United States District Court Judge