UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE SCHOOL FOR ARTS IN
LEARNING ("SAIL") PUBLIC
CHARTER SCHOOL,

       Plaintiff,

       v.

REGINA GOINS,

       Defendant.

**FILED**

JAN 3 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No. 07-01067 (JDB)

## ORDER AND DEFAULT JUDGMENT

The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 - 1482, aims to ensure that disabled children receive a "free appropriate public education" ("FAPE"). See 20 U.S.C. § 1412(a)(1)(A). Plaintiff, the School for Arts in Learning ("SAIL"), is a public charter school that qualifies as a "local education agency" within the meaning of the Individuals with Disabilities Education Improvement Act, Pub. L. 108 - 446, which amended IDEA in various ways. In this case, SAIL expelled defendant Regina Goins's minor child, J.S., on November 30, 2006 for carrying a weapon to school on the day of November 29, 2006. Defendant took steps to enroll J.S. in her neighborhood school beginning on December 14, 2006 and was finally able to achieve enrollment on February 15, 2007. During the interim period, J.S. did not attend school.

On January 17, 2007, defendant filed a due process hearing request against both SAIL and the District of Columbia Public Schools ("DCPS"). Defendant alleged that SAIL had failed

to convene timely a "Manifestation Determination Review" and furthermore improperly expelled J.S. from her school placement. Hearing Officer Coles B. Ruff, Jr., agreed. He determined that SAIL had denied J.S. a FAPE for the period of December 14, 2006 through February 15, 2007 and he ordered SAIL to provide compensatory educational services to remedy that violation.

"Under IDEA, parties aggrieved by an administrative decision may sue in either state or federal court." Reid v. District of Columbia, 401 F.3d 516, 520-21 (D.C. Cir. 2005) (quoting 20 U.S.C. § 1415(i)(2)(A)). SAIL brought suit challenging the Hearing Officer's determination. The complaint was filed on June 15, 2007. Defendant was served with process and was required to answer by August 27, 2007. She did not do so. Default was entered on September 14, 2007 pursuant to Fed. R. Civ. P. 55(a). SAIL subsequently moved for default judgment against defendant Regina Goins on October 29, 2007. The Court has reviewed the motion and has determined that default judgment is appropriate. Accordingly, it is hereby **ORDERED** that:

    1. Plaintiff's motion for default judgment is **GRANTED**;

    2. Judgment is entered in favor of plaintiff SAIL and against defendant Regina Goins;

    3. The decision of Hearing Officer Ruff is hereby **VACATED**; and

    4. Plaintiff has requested costs and attorneys' fees but it has not submitted any documentation detailing the particular costs and fees associated with this case. Moreover, IDEA provides that attorneys' fees may only be awarded to a local education agency in two circumstances. See 20 U.S.C. § 1415(i)(3)(B). Plaintiff has not demonstrated that this case presents either of those instances. The request for fees and costs is therefore **DENIED.**

    **SO ORDERED**.

2

JOHN D. BATES
United States District Judge

Date: __January 29, 2008__